IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Renate Evangeline Postelmans, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Detective Dustin Celander of the Williston ) | |
| Police Department, ) | Case No. 1:18-cv-214 |
| ) | |
| Defendant. ) | |

    The plaintiff, Renate Evangeline Postelmans ("Postelmans"), initiated the above captioned 28 U.S.C. § 1983 action *pro se* and *in forma pauperis* in the fall of 2018 against: the City of Williston (the "City"); the City's mayor, police department, and police chief; the Williams County State's Attorney; Whispers, Inc. ("Whispers"); and Oren Vallevik ("Vallevik") pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 3, 4). She alleged that in 2015 she was sexually assaulted and held against her will by Vallevik at Whispers, a gentleman's club co-owned by Vallevik that she had been performing at, and that the City's police department and the Williams County States Attorney failed to adequately investigate.

    The court screened Postelmans complaint pursuant to 28 U.S.C. § 1915(e)(2). In so doing, it concluded that the City, Vallevik, and Whispers were not state actors for the purposes of 28 U.S.C. § 1983 and that Postelmans claims against them were subject to dismissal. It further concluded that Postelmans claims against the City's mayor and police chief were subject to dismissal as they were redundant of the her claim against the City. With respect to Postelmans' claims against the City and the Williams County State's Attorney, the court concluded that her pleadings were deficient. The court also noted that the Williams County State's Attorney may be entitled to absolute or qualified

1

immunity. Finally, the court noted that Postelmans had failed to state a cognizable conspiracy claim.

On July 9, 2021, the court issued an order of partial dismissal and order to show cause. Therein the court dismissed Postelmans' claims against the City's mayor and police chief, Whispers, and Vallevick. It further directed Postelmans to either file an amended complaint addressing her pleading's deficiencies with respect to the City and the Williams County State's Attorney or otherwise show cause why her claims against them should not be dismissed.

On August 30, 2021, Postelmans filed an amended complaint in which she named Detective Dustin Celandar, the detective investigating her assault claim, in his official capacity as the sole defendant. Attached as exhibits to the amended complaint were two additional complaints, hereafter referred to as complaints 2 and 3. In complaint 2, Postelmans names Whispers, Grace Delling, Oren Vallevik, and Dan Vallevik as defendants. In complaint 2, she names Oren Vallevik as the defendant.

On November 25, 2024, Postelmans filed a motion to substitute a party. (Doc. No. 12). The motion presumably pertains to complaints 2 and 3 given that the motion pertains to Oren Vallevick, a defendant named in complaints 2 and 3 but not in the amended complaint. (Doc. No. 12).

Postelmans' assertion of unconnected claims in multiple pleadings filed in the same case has created some confusion. It appears that Plaintiff may have been endeavoring to initiate separate causes of action or cases with the submission of complaints 2 and 3. Plaintiff cannot proceed with three separate complaints resting on disparate bases for jurisdiction and theories of recovery on one action, however. To proceed against the defendants named in complaints 2 and 3, the appropriate course of action would have been to initiated new actions. Each new action would require the assessment of a filing fee to leave to proceed in forma pauperis.

The court appreciates that Plaintiff is proceeding pro se. Giving Plaintiff the benefit of all doubt, to ensure Plaintiff has an opportunity to present her claims and to allow the court to conduct a review of them as required by 28 U.S.C. § 1915(e)(2), the court finds it appropriate to sever complaints 2 and 3 insofar as they may have been filed with the arguable intent to supplement the amended complaint.

Rule 21 of the Federal Rules of Civil Procedure empowers the court to *sua sponte* sever any claim against a party and proceed with that claim separately. Fed. R. Civ. P. 21; see also Fed. R. Civ. P. 20(a)(2) (stating that multiple defendants may be joined in one lawsuit only if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all defendants."); Hastings v. Rorwood, No. 3:20CV190-KGB-JTR, 2021 WL 1341857, at *2 (E.D. Ark. Apr. 9, 2021) (citing Fed. R. Civ. P. 21 for the proposition that a court may sua sponte add or drop' an improperly joined part or sever any claim ).

In deciding whether to sever a claim, the Court can consider the following:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

Here, severance of complaints 2 and 3 and the claims they contain is appropriate for the following reasons. First, complaints 2 and 3 are not merely supplemental materials but rather separate and distinct pleadings. Second, complaints 2 and 3 assert claims arising out of related but wholly a different transaction and occurrence than the claims being asserted in the amended complaint; the claims in complaints 2 and 3 relate to the alleged assault as opposed to the

investigation of it. Consequently, they present different questions of law and fact. They would also require different documentary proof.

Accordingly, complaints 2 and 3 are severed. The motion to substitute a party (Doc. No. 12) filed is this case is **DENIED**. The Clerk's office shall refile the motion to substitute a party in the severed actions.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
