IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Renate Evangeline Postelmans, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Detective Dustin Celander of the | ) | |
| Williston Police Department, | ) | Case No. 1:18-cv-214 |
| | ) | |
| Defendant. | ) | |

Before the court are Plaintiff's motions requesting the court to authorize the issuance of subpoenas duces tecum for two non-parties, i.e., the Family Crisis Shelter in Williston, North Dakota, and the Williams County State's Attorney's Office, pursuant to Fed. R. Civ. P. 45. (Doc. Nos. 42 and 43). For the reasons discussed below, court denies without prejudice Plaintiffs' motions.

## I.   BACKGROUND

Plaintiff is suing Defendant Dustin Celander in his official capacity as a detective with the Williston Police Department. Upon screening her Amended Complaint pursuant 28 U.S.C. § 1915(e)(2), the court issued an order dismissing all but Plaintiff's equal protection and slander claims and ordered the Clerk's office to serve Defendant with a summons, a copy of Plaintiff's Amended Complaint, and a copy of its order.

On October 9, 2025, Plaintiff filed motions requesting the court to authorize the issuance of subpoenas duces tecum pursuant to Fed. R. Civ. P. 45. (Doc. Nos. 42 and 43). Plaintiff wants to subpoena the following from the Family Crisis Shelter, 421 34th St. E. Williston, North Dakota:

- the full legal name, dates of employment, and last known contact information for the advocate known to Plaintiff as "Janice;"

1

- all case records, including but not limited to intake forms, client/advocate notes, safety plans, referrals, logs, appointment records, voicemail/voicemail logs, internal case-management entries, memos, complaints internally or with the Williston Police Department, and correspondence regarding Plaintiff between July 1 and December 31, 2015.

(Doc. No. 42). Plaintiff also wants to subpoena the following from the Williams County State's Attorney's Office:

- all case files, reports, notes, memoranda, correspondence, and records referencing or relating to Plaintiff.

- all communications, correspondence, notes, memoranda, videos, statements, or records to or from Detective Celander referencing or relating to Plaintiff;

- all communications to Sandy Jones, Nathan Madden, Victim Advocate Marlyce Wilder ("Wilder"), Victim Advocate Lynn Patten ("Patten"), Victim Advocate Stephanie Vagts ("Vagts"), other victim advocates who dealt with Plaintiff, Casey Postelmans (Plaintiff's ex-husband), witnesses "who were communicated with regarding Plaintiff's sexual assault," and any employee or staff who answered calls, took messages regarding Plaintiff's case, or who communicated with Detective Celander about Plaintiff's attempts to contact the Williams County States Attorney's Office;

- all records, notes, memoranda, or correspondence concerning Plaintiff that were prepared by or referenced Patten, Vagts, or other victim advocates who dealt with Plaintiff, any memoranda, notes, correspondence, videos, or communications

> > relating to charging decisions and discussions regarding Plaintiff's reported sexual assault;
>
> - contact information for Wilder, Patten, Vagts, any other victim advocates who worked on or communicated about Plaintiff's case, and any administrative staff or employee responsible for answering calls, taking messages, or communicating with Detective Celander regarding Plaintiff's attempts to contact the State's Attorney's Office; and
>
> - additional records or communications concerning Plaintiff's interactions with the Williams County State's Attorney's office from June 2015 through December 2016.

(Doc. No. 43).

## II.   APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. "The clerk must issue a subpoena, signed but otherwise blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3); but see N.D.D. Civ. L.R. 45.1 ("The clerk may not issue a blank subpoena to a *pro se* party except by order of the court."). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

"The Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" Stockdale v. Stockdale, Case No.

3

4:08–CV–1773 CAS, 2009 WL 4030758 at *1 (E.D. Mo. Nov. 18, 2009) (quoting Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir.1980) (per curiam)); Jackson v. Brinker, No. IP 91–471–C, 1992 WL 404537 at * 7 (S.D. Ind. 1992) (opining that courts have the "inherent and statutory power to supervise an in forma pauperis party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, and that this authority extends to screening an indigent party's requests for issuance and service of subpoena duces tecum on non-parties."); cf. Friedman v. Bank of Jackson Hole, No. 219CV01054JADDJA, 2020 WL 2996072, at *2 (D. Nev. June 4, 2020) (directing that the no further subpoenas may be issued to pro se plaintiff without the court's approval). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." Stockdale, 2009 WL 4030758 at *1; see also Lynch v. Burnett, No. 18CV01677DMSJLB, 2020 WL 5517577, at *1 (S.D. Cal. Sept. 14, 2020) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena....Non-parties are entitled to have the benefit of the Court's vigilance." (internal citations, quotation marks, and modifications omitted)); Heilman v. Lyons, No., 2010 WL 5168871 at *1 (E.D. Cal. Dec. 13, 2010) ("Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) . . . and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and  45(c)(1).").

### III. DISCUSSION

    A.    **Family Crisis Shelter**

The court is not inclined at present to authorize a subpoena duces tecum for the production of documents/information from the Family Crisis Shelter. The court appreciates that the production sought by Plaintiff is limited to a finite period, the identity the victim advocate known to Plaintiff as "Janice," and the Family Crisis Shelter's interactions with Plaintiff. The court also appreciate that this documentation may provide information regarding Plaintiff's interaction with Detective Celander and by extension the Williston Police Department's handling of the investigation into Plaintiff's reported sexual assault. However, there is nothing in Plaintiff's motion to indicate that she has made a good faith effort to obtain the information she seeks or otherwise made a good faith effort to resolve any discovery dispute that she may have with the Family Crisis Center prior to filing her motion. The party seeking a subpoena has a duty to avoid imposing an undue burden or expense on the third party. A subpoena is a formal and often expensive demand. If the information can be acquired through a simple request, that is the preferable path.

B.  **Williston States Attorney's Office**

The court is not inclined to authorize a subpoena duces tecum requiring the Willams County State's Attorney's Office to produce communication with Celander or others outside of the office, stand-alone prosecutorial notes, drafts of case documents, case research, documents with prosecutorial notes on them, memoranda regarding its declination of prosecution, its internal communications and documents, and contact information for victim advocates with which it may have had contact regarding Plaintiff. First, it not clear whether Plaintiff requested the documentation from the Williams County State's Attorney's office and has been rebuffed. Second, insofar as Plaintiff is seeking the production of communications between the Williams County State's Attorney's Office and private individuals, such communications do not appear at first blush

to bear upon Plaintiff's claims against Celander in his official capacity. Third, the request for all communications from staff who have had contact with Plaintiff or others who have taken and relayed messages about Plaintiff is extremely broad in scope and arguably overburdensome. Fourth, the Williams County State's Attorney's office is not a party to this case and its *declination to prosecute* the person alleged to have sexually assaulted Plaintiff is not directly at issue in this case. Fifth, there is nothing presently before the court to suggest that all Plaintiff seeks in the way of written or recorded communications between the Williams County State's Attorney's Office and Celander and/or the Williston Police Department is unavailable from another source, e.g., the City of Williston (the "City"). The City presumably has access and the ability to produce Celander's and the Williston Police Department's communications with the Williston States Attorney's Office as well as any material that Celander and the Williston Police Department shared with the Williston States Attorney's Office. Sixth, insofar as Plaintiff is endeavoring to obtain information regarding victim advocates with which she interacted with during the relevant period, the Family Crisis Center in Williston is in a much better position to respond. Seventh, the City of Williston can and should be in the position to provide information regarding Celander's and the Williston Police Department's investigation or alleged lack thereof, including Detective Celander's and departmental communication/interaction with victim advocates or other private individuals regarding Plaintiff. (Doc. 26).

### III.   CONCLUSION

The court **DENIES** without prejudice Plaintiff's motion for the issuance of a subpoena duces tecum directing the Family Crisis Center to produce information regarding the identity of the victim advocate known to Plaintiff as "Janice" as well any records from July 1 and December 31, 2015, pertaining to Plaintiff. (Doc. No. 42). The court **DENIES** without prejudice Plaintiff's

motion for the issuance of a subpoena duces tecum directing the Williams County State's Attorney's Office to ostensibly produce everything in its files regarding Plaintiff and any communications amongst prosecutors, staff, and others regarding Plaintiff. (Doc. No. 43).

**IT IS SO ORDERED.**

Dated this 27th day of October, 2025.

<u>/s/ Clare R. Hochhalter</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court