IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Renate E. Postelmans, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Detective Dustin Celandar of the Williston ) | Case No. 1:18-cv-214 |
| Police Department, ) | |
| ) | |
| Defendant. ) | |

Before the court are Plaintiff's motions requesting the court to the authorize the issuance of subpoenas duces tecum for three non-parties. (Doc. Nos. 48, 49, 50). For the reasons that follow, the motions are granted in part and denied in part.

**I.     BACKGROUND**

On October 9, 2025, Plaintiff filed a motion for the issuance of subpoenas duces tecum seeking production of documents from two non-parties, the Family Crisis Shelter in Williston, North Dakota, and the Williams County State's Attorney's Office, pursuant to Fed. R. Civ. P. 45. (Doc. Nos. 42 and 43). On October 27, 2025, the court issued an order denying the motions without prejudice. (Doc. No. 44).

On November 26, 2025, Plaintiff filed: (1) a motion for the issuance of a subpoena duces tecum commanding Amy Nickoloff, current Williams County Sheriff's Deputy and former Williston Police Department Detective, to appear via video for a deposition at a mutually agreeable date and time and to provide documents regarding her communications with the Williston Police Department and the Williams County State's Attorney office regarding Plaintiff's 2015 sexual assault case and the investigation of it; (2) a renewed motion for the issuance of a subpoena duces tecum commanding the Family Crisis Center to produce certain documents, emails, and notes

regarding its counselors' interactions with Plaintiff and others regarding Plaintiff's 2015 sexual assault case; and (3) a renewed motion for the issuance of a subpoena duces tecum commanding the Williams County State's Attorney Office to produce its communication with the Williston Police Department its investigation of Plaintiff's 2015 sexual assault case.  (Doc. Nos. 48, 49, and 50).

## II.     APPLICABLE LAW

Subpoenas, both those that call for witness testimony and those that call for the production of documents, are governed by Rule 45 of the Federal Rule of Civil Procedure, If a non-party is to be deposed, a subpoena must be used to compel their attendance at a deposition, a hearing, or a trial. Documents are obtained from non-parties through the service of a subpoena duces tecum.

"The Court has discretion whether to grant or deny subpoenas for indigent parties." Bell v. Jefferson Cnty. Sheriff Dep't, No. 4:21-CV-00061-AGF, 2022 WL 4016379, at *1 (E.D. Mo. Sept. 2, 2022). "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." Id.; see also Lynch v. Burnett, No. 18CV01677DMSJLB, 2020 WL 5517577, at *1 (S.D. Cal. Sept. 14, 2020) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena....Non-parties are entitled to have the benefit of the Court's vigilance." internal citations, quotation marks, and modifications omitted)). "Courts generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." Id. (internal quotation marks omitted). "The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable." Bell, No. 4:21-CV-00061-AGF, 2022

WL 4016379, at *1. "A subpoena imposes an undue burden on a non-party when the same information is available but not first sought from a party." Id.

### III.  DISCUSSION

####   A.  Deputy Amy Nickoloff

Plaintiff seeks testimony and documents from Deputy Nickoloff regarding her involvement in and knowledge of the Williston Police Department's investigation of Plaintiff's reported sexual assault in 2015. (Doc. No. 148). Specifically, Plaintiff seeks testimony and documentation from Deputy Nickoloff regarding:

- a.  [Deputy Nickoloff's] involvement in or knowledge of Plaintiff's 2015 sexual assault case, and any complaints, meetings held, decision, and resolutions made;

- b.  Any communications, instructions, or decisions concerning reassignment, lack of reassignment, of Plaintiff's case, correspondence between Plaintiff and Detective Celander, or contact with the State's Attorney's Office; and

- c.  Knowledge of any meetings at the Family Crisis Shelter in Williston, ND in regards to any complaints made in Plaintiff's case regarding Detective Celander.

- d.  Any contact or coordination with Detective Dustin Celander, or other members of the Williston Police Department or Williams County State's Attorney's Office related to Plaintiff.

- e.  Any email correspondence between former Detective Nickoloff and Plaintiff and reasons behind the correspondence;

- f.  Steps taken to resolve any issues regarding Plaintiff and Defendant

- g.  Any pertinent information relating the equal protection or defamation claims

(Doc. No. 48-1) (errors in original). Plaintiff avers that such testimony and documentation is relevant and necessary as Deputy Nickoloff "was directly involved in the communications, attended meetings with Plaintiff and Family Crisis Shelter, and involved in decisions surrounding

3

Plaintiff's 2015 complaints between Plaintiff and Detective Dustin Celander in Plaintiff's sexual assault case." (Doc. No. 48). Next, Plaintiff advises that the "Clerk for the Williams County Municipal Complex" has informed her that "officers need a subpoena issue to the Williams County Sheriff's Department for officer depositions, such as Deputy Anna Nickolff." (Id.).

The court has reviewed Plaintiff's request for subpoenas for Deputy Nickoloff and is inclined to grant it in part. Documentation generated by Deputy Nickoloff about Plaintiff's case while she is employed as a detective for the Williston Police Department is presumably in the possession of the Williston Police Department and can be provided by it. Consequently, the court is disinclined to authorize the issuance of a subpoena duces tecum for Deputy Nickoloff. Conversely, the court is inclined to authorize the issuance of a deposition subpoena for Deputy Nickoloff as Plaintiff's proposed lines of inquiries bear upon observations, impressions, and recollections as to how Plaintiff's case was handled and how she came to be involved in it.

### B. Family Crisis Center

Plaintiff is endeavoring to obtain the following from the Family Crisis Center: the identity, employment dates, and last known contact information for an advocate known to Plaintiff as "Janice" and who provided advocacy services to Plaintiff between July 1 and December 31, 2015. (Doc. No 49); any memos, notes, emails, or internal documents regarding Plaintiff's interactions with the Williston Police between July 1 and December 31, 2025, that were created or maintained by advocates Lisa Bonnet, Tana Hinricksen, "Janice," or Rhonda Mundo. Plaintiff makes it clear that she is not seeking client intake records, documentation unrelated to Plaintiff's interactions with the Williston Police Department, or documentation regarding advocate communications with other clients of the Family Crisis Center. She further advises that the Family Crisis Center has been unresponsive to her requests for its voluntarily assistance.

The court is inclined to grant Plaintiff's request in part. The court will not require the Family Crisis Center to provide contact information for any of its advocates, past or present. However, it will authorize Plaintiff to subpoena any documentation pertaining to her or her case from the Family Crisis Center.

### C.  Williams County State's Attorney Office

Plaintiff is claiming that the Williston Police Department defamed her and otherwise treated her differently than other similarly situated victims of sexual assault. Specifically, she alleges Detective Celandar repeatedly maligned her and falsely represented her criminal history to the Williams County State Attorney's Office in order to cast doubt on her credibility.

Plaintiff is endeavoring to subpoena the following documentation from the Williams County State Attorney's office regarding its communication with Detective Celander between June 1, 2015 and August 31, 2015.

> a. emails, letters, or other correspondence sent to or received from the Williston Police Department that reference Plaintiff, her sexual assault, case, or the decision to refer or decline charges based on and including any material that (i) references Plaintiff has having been conflicted of fraud, or (ii) questions her credibility.
>
> b. any communication, memorandum, or written record containing the statement Plaintiff "had a fraud conviction" or any similar assertion, made by or concerning Detective Celander.
>
> c. administrative logs, email headers, or other records showing the fact of communication (date, sender, recipient, and subject line) between the Williams County State's Attorney's Office and the Williston Police Department regarding Plaintiff's case.
>
> d. non-privileged, factual and contemporaneous records authored or received by former Williams County State's Attorney Marlyce Wilder and former Assistant State's Attorney Sandy Jones in 2015-2016 relating to Plaintiff's 2015 sexual-assault case and related charging decisions.

> e.      the current or last -known professional or personal contact information for former Williams County State's Attorney Marlyce Wilder sufficient to permit lawful contact or service of process . . . .
>
> f.      the current or last known professional or personal contact information for former SAO victim advocates Lynn Patten and Stephanie Vagts sufficient to permit lawful contact or service of process . . .

(Doc. No. 50). In the event that the aforementioned documentation is no longer available, she requests that the Williams County States Attorney certify in writing: (1) the efforts undertaken to locate the documentation; (2) the identities of those who would have had access to this documentation; (3) policies regarding the storage and preservation of such documentation; and (4) the last known date that the documentation would have been available and was lost or destroyed.

The Williston Police Department has apparently been unable to provide Plaintiff with all of the aforementioned documentation as Plaintiff advises:

> 19.      On October 29, 2025, defense counsel informed Plaintiff by email that the defense "has the Williams County State's Attorney's entire file and believes it was previously provided in discovery. Plaintiff responded the same day, noting that she had only received the "No Charges" memorandum and requesting clarification as to whether the full file–including contemporaneous notes, correspondence, and other records–had in fact been produced, or whether the file in defense counsel's possession consists only of the No Charges memorandum.
>
> 20.      On October 30, 2025, defense counsel . . . Emailed Plaintiff with documentation that states the SAO checked its archives "down to the vault" and did not have the matter, and that no dates for it was located on the 2015 network drive or on the extern drives used to store case data for older cases.
>
> 21.      The documentation further states that defense counsel "provided all of the State's Attorneys documents that [they] received from the Williston Police Department." Thus it appears that the Williston Police Department was the entity that provided or had access to the SAO materials, that only limited SAO material was ever transmitted to defense counsel, and that the SAO now reports being unable to locate its own case file.

> 22. Plaintiff is aware that more files existing than the No Charges memorandum. Former Assistant State's Attorney Sandy Jones has indicated a willingness to cooperate and has stated that she remembers the matter and Plaintiff but would be able to provide more complete and accurate information if permitted to review her notes and other contemporaneous records. Plaintiff also personally turned over multiple documents to the SAO at Ms. Wilder's request, and the SAO was the office that set up Plaintiff with the North Dakota Crime Victims program. These facts strongly suggest that additional SAO records once exists.

(Id.).

The court is inclined to authorize the issuance of a subpoena duces tecum compelling the Williams County State's Attorney Office to provide Plaintiff with a copy of her entire case file along with contact information for any victim advocate with which she may have worked. If for any reason the Williams County State's Attorney Office cannot produce a copy of Plaintiff's case file, it shall provide Plaintiff with a copy of its policy regarding document retention along with a summary of what efforts they had undertaken to comply with the subpoena. The court will not require the production of contact information for former State's Attorney Wilder.

### III. CONCLUSION

Plaintiffs motion for authorization to subpoena Deputy Nickoff (Doc. No. 48) is **GRANTED IN PART AND DENIED IN PART**. The court shall not authorize the issuance of a subpoena duces tecum compelling the production of documents by Deputy Nickoloff. However, the court shall authorize the issuance of a deposition subpoena for Deputy Nickoloff. The subpoena Plaintiff should include a specific appearance date, time, and location of the Deputy Nicoloff's deposition.

Plaintiff motions for authorization of a subpoena duces tecum compelling the Family Crisis Center in Dickinson and the Williams County State's Attorney Office (Doc. No. 49 and 50) are

**GRANTED IN PART AND DENIED IN PART**. The subpoenas shall direct the Family Crisis Center in Dickinson and the Williams County State's Attorney Office to produce their respective case files on Plaintiff to Plaintiff and the Williams County State's Attorney Office to produce to Plaintiff the contact information for the victim advocate assigned to her case.

The Clerk's office shall provide Plaintiff with a blank subpoenas to complete and return. Plaintiff shall return the completed subpoenas to the Clerk's officed with addresses for service. The Clerk's office shall effectuate service of these subpoenas.   If necessary, service shall be made by the United States marshal.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Jduge
United States District Court

.