**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Renate Evangeline Postelmans, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR SUPPLEMENTAL** |
| | ) | **INFORMATION FROM DEFENDANT** |
| v. | ) | |
| | ) | |
| Detective Dustin Celander of the | ) | |
| Williston Police Department, | ) | Case No.: 1:18-cv-00214 |
| | ) | |
| Defendant. | ) | |

On January 23, 2026, Plaintiff Renate Evangeline Postelmans ("Plaintiff") filed a *Motion to Compel Limited Comparator Discovery and Request for Protective Order*. (Doc. No. 64). On February 5, 2026, Defendant Detective Dustin Celander of the Williston Police Department ("Defendant") filed a response in opposition to Plaintiff's motion. (Doc. No. 68).

In her motion, Plaintiff requested Defendant be ordered to produce comparator sexual assault complaint records and for the issuance of a protective order. This request is subject to Plaintiff's Request for Production of Documents No. 15. Plaintiff specifically requested:

> For that narrowed two-year period, please either (a) provide redacted reports or an anonymized summary/spreadsheet (e.g., date, local/non-local victim, local/non-local suspect, whether the victim was an entertainer if known, and outcome), and whether there were any problems with the investigation, such as between the investigator and victim. List any complaints that were made.

(Doc. No. 64-3 at 2).

In his second supplemental response, Defendant stated, "Per the Williston Police Department's database, Defendant investigated four GSI matters between 2014-2016. Defendant does not have the remaining information requested in this interrogatory as those files are maintained in off-site storage." (Doc. No. 64-6 at 2).

Defendant also objects to such disclosure on the grounds that not only is Plaintiff's request overly burdensome, but there are also third-party privacy interests to consider as the requested information is highly sensitive in nature. Part of Defendant's argument hinges on what it considers to be a significant obstacle to providing the requested discovery. Namely, Defendant would need to locate and retrieve hundreds of files from July 1, 2014 through 2016 from an off-site storage facility, manually review each sexual assault file to determine potential relevance, extract pertinent information to create "standardized" fields, redact victim names, witnesses, addresses, and other identifying information, and have specialized personnel familiar with investigative files, legal redaction requirements, and applicable privileges, review them. (*See* Doc. No. 68 at 4-5).

The court recognizes the concerns brought by Defendant in its response. However, further clarification as to the storage of the requested files is required. Namely, Defendant indicated in the second supplemental response that per the Williston Police Department database, he investigated four GSI matters between 2014 and 2016. However, Defendant alleges that the remaining information requested is maintained in off-site storage. The court would like explanation as to why Defendant can pull his records from 2014-2016 from the Williston Police Department database but is seemingly unable to locate similar records from the same time period that were investigated by other officers. The court would also like clarification as to the off-site storage facility. Namely, whether the files have any type of organizational system at all, such as by year, investigative officer, crime type, or any other method making for easier identification of the files.

For the reasons above, the court **ORDERS** Defendant to provide the requested supplemental information and any other information Defendant deems necessary to clarify the Williston Police Department's storage of investigative files by July 10, 2026.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court