**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Renate Evangeline Postelmans, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Detective Dustin Celander of the | ) | |
| Williston Police Department, | ) | Case No.: 1:18-cv-00214 |
| | ) | |
| Defendant. | ) | |

On January 23, 2026, Plaintiff Renate Evangeline Postelmans ("Plaintiff") filed *a Motion to Compel Limited Comparator Discovery and Request for Protective Order*. (Doc. No. 64). Defendant Detective Dustin Celander of the Williston Police Department ("Defendant") filed a response in opposition to the motion on February 5, 2026. (Doc. No. 68). Plaintiff has not filed a reply.

On June 30, 2026, the court ordered Defendant to supplement his response with clarification as to the storage of the requested files and whether there is an organizational system in place at the off-site storage facility. (Doc. No. 87). On July 10, 2026, Defendant provided the requested supplemental information to the extent he was able. (Doc. No. 89).

## I.   BACKGROUND

On May 29, 2025, Plaintiff served her First Set of Requests for Production on Defendant. Request for Production ("RFP") 15 requested the production of "[a]ll sexual assault complaint records (2012-present) with outcomes, redacting victims' identities." (Doc. No. 64-1 at 2).

On June 30, 2025, Defendant served written responses on Plaintiff, including an objection to RFP 15 on the grounds it was vague, overbroad, and unduly burdensome, not proportional or relevant, and seeks confidential information. (Doc. No. 64-2 at 2-3).

On November 28, 2025, Plaintiff sent Defendant a written meet-and-confer, wherein she narrowed the request of RFP 15 to the period of July 1, 2014, through July 1, 2016, with redactions and confidentiality safeguards. (Doc. No. 64-3 at 2). Plaintiff specifically requested:

> For that narrowed two-year period, please either (a) provide redacted reports or an anonymized summary/spreadsheet (e.g., date, local/non-local victim, local/non-local suspect, whether the victim was an entertainer if known, and outcome), and whether there were any problems with the investigation, such as between the investigator and victim. List any complaints that were made.

(*Id.*).

On January 2, 2026, Defendant served his second supplemental response to the First Set of Requests for Production, which included a supplemented answer to RFP 15. (Doc. No. 68 at 2). Therein, Defendant stated, "Per the Williston Police Department's database, Defendant investigated four GSI matters between 2014-2016. Defendant does not have the remaining information requested in this interrogatory as those files are maintained in off-site storage." (Doc. No. 64-6 at 2).

After a status conference with the court on January 16, 2026, Plaintiff was authorized to file a motion to compel, and on January 23, 2026, Plaintiff filed a *Motion to Compel Limited Comparator Discovery and Request for Protective Order under Rule 26(c)*. (Doc. Nos. 62, 64). Per her motion, Plaintiff requests Defendant provide:

> a. (**Within 14-**days) A **centrally maintained index** of relevant comparator matters (2014-2016), containing standardized, anonymized fields if available; and
>
> b. (**Within 30-days**) A **small stratified random sample** of 30 comparator materials, subject to redactions and a protective order. As this sample size represents 18.5% of the total comparative size, it is proportional and not burdensome.

(Doc. No. 64 at 5) (emphasis in original). In requesting these files, Plaintiff argued that she does not seek wholesale production of the complaint files, rather, this approach aims to minimize any burden, protect privacy, and manage the scope. (*Id.*).

Plaintiff also requested the issuance of a protective order under Rule 26(c) to limit the use of the files to this litigation, to prohibit dissemination, and to require the redaction of victim/witness identifiers. (*Id.* at 8).

## II.   LEGAL STANDARD

Discovery is governed by Rule 26. Rule 26 further identifies the scope and limits of discovery.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Information is discoverable when relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "After the proponent makes a threshold showing of relevance, the party opposing the motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.*" Linseth v. Sustayta*, No. 1:21-CV-173, 2022 WL 16744347, at *2 (D.N.D. Nov. 7, 2022); *see Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014). "The party must demonstrate to the court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Jo Ann Howard & Assocs., P.C.*, 303 F.R.D. at 542 (quoting *Burke v. New York City Police Dep't.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

## III.    DISCUSSION

The crux of the conflict is on RFP 15. Specifically, whether or not the narrowed request for comparator files is vague, overbroad, unduly burdensome, beyond the scope of the litigation, and whether such disclosure would raise confidentiality and privacy issues, even if the parties were subject to a protective order.

Plaintiff argues in part that her request is not overbroad as it includes a narrowed time frame, index, small, stratified sample, and redactions and exclusions. (Doc. No. 64 at 7). In response, Defendant claims that the request "fundamentally misunderstands how police investigative files are maintained and grossly underestimates the burden involved." (Doc. No. 68 at 4). Defendant further contends that disclosing these materials within 14 and 30 days is not feasible. (*Id.*).

As noted in Defendant's supplemental answer to RFP 15, the police files, including the sexual assault complaint files, from July 1, 2014, to July 1, 2026, are stored in boxes off-site from the Williston Police Department, and are not in a centrally searchable datable. (*Id.*). "Each case file is maintained individually and contains varying types and amounts of documents including witness statements, victim interviews, suspect interviews, medical records, forensic evidence reports, investigator notes, photographic evidence, correspondence, and case disposition information." (*Id.*).

Upon further inquiry from the court, Defendant provided clarification as to the storage of the requested files. Notably, Defendant informed the court that he has discovered the Williston Police Department utilizes an electronic records storage system known as "Fireside," and has been attempting to determine whether the requested files are available through that system or are located elsewhere, and the extent to which they may be electronically accessible. (Doc. No. 89 at 2).

Defendant also provided a list of GSI cases handled by the Williston Police Department and himself from 2015-2016 and is currently attempting to obtain information as to the storage and indexing methods for the files stored at the off-site facility. (*Id.*). Finally, Defendant advised that the information sought by Plaintiff is no longer relevant as she is seeking comparator evidence in support of her Equal Protection claims, which were dismissed by the court in its April 1, 2026, Order. (Doc. No. 89; *see also* Doc. No. 76).

Upon further review of the record in this matter, the court is inclined to agree with Defendant. On April 1, 2026, this court ordered that multiple counts in Plaintiff's Second Amended Complaint be dismissed, including her Equal Protection Claim, based on the Eighth Circuit's finding that law enforcement investigative actions may not be attacked in a class-of-one equal protection claim. (Doc. No. 76 at 6-7, 11-12).

Plaintiff herself admits that the requested information is for her Equal Protection claim. (*See* Doc. No. 64 at 1) ("Comparator handling is central to Equal Protection analysis because the question is whether Plaintiff was treated differently than similarly situated complainants."); (*Id.* at 2) ("Plaintiff's claims include Equal Protection allegations that turn on whether Plaintiff was treated differently from similarly situated complainants in the handling of sexual-assault complaints.").

Because this court has previously dismissed the Equal Protection claim, Plaintiff's motion admits that the requested files are for the dismissed claim, and there is no other basis for which Plaintiff is seeking comparator discovery, the requested discovery is no longer relevant. Requiring Defendant to locate, retrieve, review, and redact the requested records, along with significant privacy concerns, outweighs the benefit of its disclosure. For these reasons, Defendant shall not be subject to further compelled production of these records, and no protective order shall issue.

## IV.   CONCLUSION

For the reasons articulated above, Plaintiff's motion (Doc. No. 64) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court